WASHINGTON I. CARSON v. SOLOMON & NATHAN.

[FILED JANUARY 4, 1892.]

Attachment: EVIDENCE. In an action of replevin brought by a purchaser of goods against the sheriff who had levied an attachment thereon at the suit of a creditor, *held*, that the evidence sustained the judgment of the court below that there was no intent to defraud creditors.

ERROR to the district court for Fillmore county. Tried below before MORRIS, J.

*Billings & Billings,* and *W. C. Sloan,* for plaintiff in error.

*F. B. Donisthorpe, contra.*

MAXWELL, J.

This is an action of replevin brought by the defendants in error against the plaintiff in error in the district court of Fillmore county.

On the trial of the cause a jury was waived and the cause tried to the court, which found the issues in favor of the defendants in error and rendered judgment accordingly.

The proof tends to establish the following facts:

The defendants in error were creditors of the firm of Israel & Grenker, the latter firm doing business in Geneva, Fillmore county. On or about the 15th day of September, 1889, said Israel, of said firm of Israel & Grenker, was ordered by his physician to return to his former home if he denied to prolong his life. Acting under this advice he made arrangements to dispose of the business; his partner, Grenker, not having the cash to purchase Israel's interest, defendants in error, one of whom is a distant relative, entered into negotiations for the purchase. At this time one D. J. Spear had a chattel mortgage upon a certain part of the stock of goods belonging to said Israel Grenker, and he was notified of what was taking place, and said Israel Grenker separated said mortgaged goods from the balance, placing them on one side of the store occupied by them, and then told Mr. Spear that they could not pay him, but would give him a bill of sale of said goods so as to save the costs of foreclosing his mortgage. This offer Spear refused to accept. The defendants in error then took an invoice of the goods (except those included in the mortgage). The goods invoiced, as per the marks and figures on said goods, $1,900. The damage to said goods, some being shelf-worn and colors faded, etc., was estimated, and

the sum of $1,300 was finally agreed upon as the price for said goods. A bill of sale was then given to defendant in error by said Israel & Grenker and was duly placed on file with the clerk of Fillmore county.

On the 19th day of September, 1889, defendant in error took possession of said goods, paying therefor the said sum of $1,300.

After the transfer to the defendants in error Spear begun an action by attachment, and levied not only upon the goods mortgaged to him, but also upon the goods conveyed to the defendants in error, and the question now is as to the *bona fides* of the sale to the latter.

The proof tends to sustain the claim of the defendants in error. A sufficient reason is shown for the sale, and the defendants in error seem to have paid the full value of the stock, and there seems to have been no intention to defraud the creditors.

There is no error apparent in the proceedings and the judment is

AFFIRMED.

THE other judges concur.